MATTIE BROADWAY v. GATE CITY LIFE INSURANCE COMPANY.

(Filed 10 November, 1931.)

1. **Trial D a—Upon motion of nonsuit all the evidence is to be considered in the light most favorable to the plaintiff.**

    Upon a motion as of nonsuit all the evidence, whether offered by the plaintiff or elicited from defendant's witnesses, is to be considered in the light most favorable to the plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom. C. S., 567.

2. **Torts C b—Evidence that release was obtained by fraud held sufficient.**

    Evidence in this case is held sufficient to sustain the allegations of fraud in procuring a release in settlement of a claim against an insurance company; courts of equity will not attempt to define the meaning of the term "fraud."

APPEAL by defendant from *Oglesby, J.,* at September Term, 1931, of FORSYTH.

This was an action brought by plaintiff against defendant to recover on an insurance policy. The defendant set up a release, plaintiff replied and alleged that the release was procured by fraud. The action was tried before Oscar O. Efird, judge presiding, at the June 8th Term, 1931, of the Forsyth County Court, and a jury.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Did the defendant issue and deliver the policy of life insurance as alleged in the complaint? Answer: Yes (by consent).

2. Was the paper-writing purporting to be a release obtained by fraud or undue influence? Answer: Yes.

3. What amount, if any, is the plaintiff entitled to recover from the defendant? Answer: $220.50."

The defendant made several exceptions and assignments of error and appealed to the Superior Court. The judgment of the Superior Court is as follows: "This cause coming on to be heard on an appeal from a judgment rendered in the Forsyth County Court in favor of the plaintiff and against the defendant, and being heard before his Honor, J. M. Oglesby, judge presiding and holding the September, 1931, Term Superior Court of Forsyth County, and after examination of the record in the case and hearing argument of counsel for plaintiff and defendant, the court finds no error in the trial of causes in the Forsyth County Court. It is therefore considered, ordered and adjudged that the judgment rendered in the Forsyth County Court be and the same is hereby in all respects affirmed."

The defendant made the same exceptions and assignments of error on appeal to this Court that it made on appeal from the Forsyth County Court to the Superior Court, which were overruled.

*William Porter for plaintiff.*
*Wallace & Wall for defendant.*

PER CURIAM. The defendant at the close of plaintiff's evidence and at the close of all the evidence, made motions in the court below for judgment as in case of nonsuit. C. S., 567. The motions were over-. ruled and in this we can see no error.

It is the well settled rule of practice and accepted position in this jurisdiction, that, on a motion to nonsuit, the evidence which makes for the plaintiff's claim and which tends to support her cause of action, whether offered by the plaintiff or elicited from the defendant's wit-

nesses, will be taken and considered in its most favorable light for the plaintiff, and she is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.

The sole material question was the evidence sufficient to be submitted to the jury on the second issue: "Was the paper-writing purporting to be a release obtained by fraud or undue influence?" We think so.

"Fraud is the overreaching of one person by another, and yet this definition is as broad as the term itself. It has been said that fraud, actual or constructive, is so multiform as to admit of no rules or definitions. 'It is indeed, a part of equity doctrine not to define it,' says *Lord Hardwicke,* 'lest the craft of men should find a way of committing fraud which might escape such a rule or definition.' *Oil Co. v. Hunt,* 187 N. C., p. 159." *Furst v. Merritt,* 190 N. C., at p. 404. We see no error in the judgment of the court below.

Affirmed.